# THE BENDAU LAW FIRM, PLLC

# Exhibit D



**THE BENDAU LAW FIRM, PLLC**
P.O. Box 97066
Phoenix, AZ 85060

**Clifford P. Bendau, II – Attorney**
*Licensed in Arizona and Ohio*
(480) 382-5176
cliffordbendau@bendaulaw.com
www.bendaulaw.com

**PRIVILEGED AND CONFIDENTIAL**

August 29, 2017

**VIA EMAIL** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Client: Ashley Thompson

Tel: ▓▓▓▓▓▓▓▓▓▓

   RE:   Client Representation/Fee Agreement between The Bendau Law Firm, PLLC and  Ashley Thompson

Dear Arizona Movers & Storage :

Thank you[1] for choosing us as your legal counsel. This Agreement sets forth the terms and conditions of our representation, including the scope of our services and the billing policies that apply. By signing below, you are binding yourself to each and every item in this Agreement. As a result, it is imperative that you *read this entire document before signing*.

You hereby hire us to pursue your claim for unpaid wages under the Fair Labor Standards Act ("FLSA") and (if applicable) Arizona wage law against the following employer(s):

Arizona Movers & Storage                            ,

_____, (and)

_____.

---

[1]   References to "you" and "your" includes all "Recipients," as defined below. All references to "us," "our," "ourselves," "we," or similar terms, include, Clifford P. Bendau, II, The Bendau Law Firm, PLLC, and its agents and employees, unless specified otherwise.

**Scope of Engagement**. By signing below, you expressly agree and acknowledge that pursuant to Arizona Ethical Rule 1.2(c), this representation is limited in scope, and will ***only*** include representing you in a lawsuit against your current or former employer(s), as stated above; moreover, this Agreement novates (supersedes and completely replaces) any prior understandings, agreements, or arrangements that we may have had, whether written or otherwise. This representation does not include any appeals, new trials, administrative hearings, collections, perfecting judgments, or enforcing judgments. This representation includes all litigation services up to and including, a trial on the merits. We are happy to discuss such additional representation, but doing so requires a separate written Agreement that we have both signed. You acknowledge and agree that because our representation is strictly limited as provided in this Agreement, we have no obligation to represent or advise you (on claims, defenses, legal deadlines, or otherwise) regarding any matter outside of the above-stated scope, including regarding matters that you may have disclosed to us in the past, or that you may disclose in the future. Upon the termination of the above-stated limited representation, we shall have no obligation to represent or advise you regarding any matter. You hereby acknowledge and agree that if we actually perform legal work on your behalf that is outside the scope of this Agreement, or within that scope but after representation has terminated, and you have requested such legal work (explicitly or implicitly), then the scope of our obligations/representation is strictly limited to the work actually performed, and any such representation automatically terminates immediately upon the completion thereof. In addition, if you assert, or have asserted against you, claims outside of any scope stated herein, then all such time shall billed at our then-prevailing Partner rate, which is currently $300.00 per hour.[2]

**Billing Policies, Legal Fees, and Procedures**.

**Contingency Fee**. We will be compensated and receive 40% of the gross amount of ***all benefits*** from any settlement, award, judgment, or otherwise resulting from our efforts – plus costs unless:

  a) A court orders a Defendant to pay Firm's attorneys' fees, or
  b) A Defendant agrees to pay Firm's attorneys' fees.
  c) **FEES SOUGHT AGAINST DEFENDANT**: In the case of paragraph (a) or (b) directly above, the Firm will be paid the greater amount of (a) or (b) or 40% of the gross amount collected.

The gross amount is calculated before any taxes, deductions, or withholdings (for taxes or any other purposes), and, in the case of joint representation, is the gross amount for all clients in the group. In other words, we will receive 40% of the gross total amount of any settlement, award, judgment, or other benefit. After deducting our contingency fee, the remainder will be used to pay any outstanding invoices or costs we have advanced on your behalf before being disbursed

---

[2] By signing below, you hereby represent, swear, and affirm that, if you are married, your spouse has agreed to all of the terms and conditions of this Agreement, and that any and all marital/community property is subject thereto.

to you. The term "all benefits," as used above, includes any award to you of attorneys' fees (or any other cost), interest, employment taxes, and the fair market value of any asset you receive. Thus, if you are awarded $200,000.00, plus $50,000.00 in attorney's fees, the contingency fee is calculated as 40% of $250,000.00. Please read the section below on taxes very carefully. All settlements, judgments, etc., must be assigned and paid directly to this law firm, and we will disburse payment to you after deducting the fees and costs as agreed herein. In the event, that you receive a non-monetary benefit as part of any settlement, award, judgment, or other benefit (including reinstatement, resuming or gaining business, refunds, credits, etc.), you are responsible to pay the firm for all time reasonably spent by us at our then-prevailing Partner rate, which is currently $300 per hour.

If payments of all or any part of the amount to be received will be deferred (such as in the case of an annuity, a structured settlement, or periodic payments), the total of "all benefits," for purposes of calculating our contingency fee, will be the initial lump-sum payment plus the net present value, as of the time of the settlement, final award, judgment, etc. of the payments to be received thereafter. Our fees will be paid out of the initial lump-sum payment. If the payment is insufficient to pay such fees in full, the balance will be paid from subsequent payments until our fees are paid in full, after which you will receive all future payments.

In the event that this Agreement is terminated, we will still be entitled to fees if the representation is terminated due to (a) a conflict of interest (including conflicts arising from joint representation), (b) reasons (1) through (8) (*See* "Termination of Representation" below), (c) your failure to promptly make all payments as required in this Agreement, or (d) your termination of the representation. In the event that this Agreement is terminated by you before settlement or ultimate recovery, you agree to pay the firm their fees at the rates customarily charged by the firm (which is currently $300 per hour) for all time reasonably spent by the firm on your behalf before your termination of this Agreement, plus any costs advanced. In any event of termination, you shall remain responsible for payment of all costs advanced by the firm.

**Costs**. You also agree to reimburse us for any costs and disbursements incurred on your behalf, including, but not limited to, expert witnesses and/or consultants, consulting/associating attorneys, court filing fees, messengers, depositions, witness fees, copying and scanning charges, long distance, travel, airfare, fax charges, service of process charges, and computer-assisted legal research. Also, it has been our experience that the invoices generated by third-party vendors will frequently offer a reduced amount when they are billing the client directly (rather than having us make such payments on your behalf). Thus, you hereby agree that third-party vendors can and will invoice you directly for any products and/or services rendered in your matter, and that you are responsible for promptly and fully paying all costs incurred in your matter, including any interest or late fees caused by a delay in making such payment. While the foregoing costs typically apply to the firm's litigation clients, in some circumstances, costs apply to our non-litigation clients. It is further understood that while acting as your lawyer, we have the authority to use our best judgment in making such expenditures on your behalf.

You further agree to pay merchant fees or credit card transaction fees incurred on your behalf. "Merchant fees" and credit card transaction fees are deducted from the amount of the credit card charge to pay the company that issued your credit card, the lawyer or law firm's credit card

processing service, the credit card association (e.g., Visa, MasterCard) and related charges. The amount of the merchant fees incurred will either be deducted from your current trust account balance or included on a separate billing statement (if applicable).

You further agree to pay bank fees incurred on your behalf. Typical bank fees include, but are not limited to: returned deposit fees, electronic transfer fees, stop payment fees, wire fees, and copy charges. The amount of the bank fee incurred will either be deducted from your current trust account balance or included on your billing statement.

**Termination of Representation**. Our representation will automatically terminate, without requiring any further action or notice on our part, upon the earlier of (1) completion of the above-referenced tasks/advice, (2) a settlement agreement disposing of your clients is fully executed, (3) any tribunal issues a decision on, or disposes of, your claims, or (4) we withdraw from your matter (as allowed herein, including due to conflicts arising out of any joint representation, or otherwise). Such termination is effective immediately, and we shall have no continuing legal duties to provide legal advice or guidance, even if all claims are not settled, disposed of, or decided, and even if your claims are still subject to further action (such as appeals).

If, after this representation terminates, we provide further legal services at your request or sufferance, you hereby agree that each such action is a separate and discreet limited-scope representation pursuant to Arizona Ethical Rule 1.2(c). You furthermore agree that such representation shall terminate upon completion of each discreet task, and that you will pay us at our then-prevailing hourly rate for any such services.

You acknowledge and agree that we are undertaking this representation without having an opportunity to conduct a full and complete investigation, and that we may be required to withdraw from representing you as additional facts are uncovered, or our understanding of your matter changes. You agree that we may withdraw at any time by giving reasonable written notice, and you agree to sign substitution/withdrawal forms in the event of withdrawal. You also acknowledge and agree that we are authorized to terminate representation for reasons including, but not limited to: (1) a determination, in our sole judgment, that pursuit of the claim is no longer warranted due to facts you have not previously disclosed to us; (2) a determination, in our sole judgment, that we are actually or potentially ethically prohibited from continuing the representation; (3) any failure to follow our advice, cooperate fully in the representation, or provide requested information or documents; (4) your commission, in the past or future, of a crime or fraud; (5) any failure to fully or truthfully disclose all relevant information to us; (6) you insisting upon a course of conduct that we consider repugnant or imprudent; (7) the representation becoming an unreasonable financial burden to us, or (8) you rendering continued representation unreasonably difficult.

**Identity of Client(s)**. It is expressly understood and agreed that we *only* represent the "Recipients" of this Agreement, which is hereby defined as, and limited to, those individuals and/or entities *identified by name* in the bolded "RE:" line on the firs page of this Agreement, just below the firm's logo. If any Recipient is an entity, we do not represent any of the individual owners, member, employees, officers, or directors of any entity, nor do we represent any of its related entities, unless such individuals and/or entities are explicitly named as clients in that

4

same "RE:" line. You furthermore agree to, and hereby do, ratify *nunc pro tunc* (i.e., retroactively) all terms and conditions of this Agreement.

**YOU HEREBY ACKNOWLEDGE AND AGREE THAT WE HAVE MADE NO PROMISES OR GUARANTEES REGARDING THE OUTCOME OF OUR REPRESENTATION. YOU FURTHER UNDERSTAND AND ACKNOWLEDGE THAT IF ADVERSE PARTIES PREVAIL IN ANY LAWSUIT, YOU MAY BE REQUIRED TO PAY THOSE PARTIES' ATTORNEYS' FEES AND/OR COSTS.**

Furthermore, by signing below, you hereby (a) irrevocably grant us an assignment of, and lien on, any funds from your claim, suit, recovery, and settlement, as well as any property arising our of our representation of you (to the extent ethically permissible), including funds held in trust for you in other matters, (b) authorize and instruct that all such funds be made payable and delivered to The Bendau Law Firm, PLLC, and (c) appoint us as your true and lawful Attorney-in-Fact to act in your name, please, and stead in order to do every act that you may legally do on your own behalf (e.g., endorsing and negotiating checks, etc.) only for the limited purpose of obtaining, receiving, and depositing funds. We will deposit any funds received pursuant hereto into our trust account, deduct our fees and costs, and then disburse the funds to you (unless otherwise required by the ethical rules governing attorneys or the law). If any provision in this paragraph (or this Agreement) is struck or held invalid or unenforceable, it shall be severed, and the remaining provisions shall still be valid and enforceable.

**General Responsibilities of Attorney and Client**. We will provide the above-described legal services solely for your benefit, for which you will be billed in the manner set forth above. We will promptly apprise you of significant developments and will consult with you as necessary to ensure the timely, effective, and efficient completion of all work.

It is your responsibility to provide us with all factual information and documents that are necessary or helpful to perform the agreed-upon services, and promptly make any business or technical decisions that are necessary to facilitate the completion of our services. Furthermore, *you must tell us the whole truth at all times*. Any failure to be completely forthright (including shading the truth or withholding facts or details) may result in termination of our representation *without any fees being refunded (including contingent fees)*.

**File Retention and Destruction**. We maintain a paperless office. By signing below, you hereby give us permission to destroy the original of any document that you provide to us, and to retain such documents only in an electronic imaged format. After termination of our representation in a matter, we will only retain an electronic copy of your file for the minimum period required by law.

Alternatively, and notwithstanding anything herein to the contrary, we may, at any time and in our sole discretion, tender your entire file to you, after which we will retain no copies, and you will be in sole possession of your entire legal file.

Although we will maintain records as stated above, you hereby agree that any time spent, or costs incurred, in retrieving your documents will be billed at our then-prevailing rate. Thus, you should retain copies of all documents and messages that we send you for your own records.

**Attorney-Client Communications**. By signing below, you hereby agree that any document or message that we (a) send to your email address,[3] or (b) make available to you via online document sharing services (such as DropBox, Egnyte, Google Docs, SugarSync, Sharepoint, or the like), constitutes receipt of that document and/or message as if it was delivered to you in person. As a result, it is imperative that you ensure our emails are being received and are not being caught in a spam filter, or otherwise diverted.

Attorney-client communications are generally privileged, but that privilege can be destroyed if the communications are not kept confidential. Thus, you hereby represent that your email address is secure and confidential, and that you will continue maintaining it as such. You also hereby acknowledge that we have instructed you never to share our communications with others. You have agreed to do so, and you have furthermore agreed to maintain the confidentiality of our communications by, among other things, *not* doing the following: forwarding our emails; accessing our emails at work, in public, over unsecure networks, or on anyone else's computer, phone, etc. (including your employer's); speaking on the phone where it can be overheard by others; speaking with us over an employer's phone line (or over a phone line provided by an employer); discussing this matter with others; and, sharing documents with others, reading such documents in public, not shredding documents before disposal, or leaving them unsecured.

**Preservation of Evidence**. If our representation involves any dispute that may lead to litigation, then under the Federal and Arizona Rules of Civil Procedure, you have an obligation to protect and preserve all evidence related (however slightly) to this dispute. This includes paper and electronic documents, emails, voice messages, recordings, computers, cell phones, PDA's, and other electronic devices, notes, calendars, audio tapes, and other related data. It is imperative that you immediately suspend all document and electronic data destruction or rotation policies (including backup media) that would otherwise apply, and take steps to preserve all documents and electronic data (including email accounts and the emails contained therein). Immediately remove from use any electronic devices (including computers and backup media), and protect and preserve such devices, email account, etc., and test for completeness and functionality.

**No advice regarding this Agreement**. In order to prevent any actual, or even apparent, conflicts of interest, The Bendau Law Firm, PLLC has a policy against providing you with legal advice regarding this Agreement. By signing below, you affirm that we have not provided any such advice, and that we have previously, and do hereby again, encourage you to seek independent legal advice regarding this Agreement.

---

[3] The term "your email address" includes the email address stated at the top of this letter and/or any email address you have, or will, provide to us or use to communicate with us, unless you notify us in writing that we should not use a particular email address to communicate with you.

**Taxes**. Any settlement or judgment is very likely subject to income, and other, taxes, and such taxes are frequently withheld before any settlement or other payment is disbursed. However, we are neither a tax attorney nor an accountant, and by signing below you hereby agree that we have not provided any legal advice to you regarding taxes. You furthermore agree that it is not reasonable to rely upon us for tax advice, and that you therefore will not do so. Instead, you agree to seek competent professional advice regarding any tax issues, including, but not limited to, the tax consequences of any potential recovery, loss, or the legal fees paid to us.

**Interpreting and enforcing this Agreement**. You acknowledge and agree that this entire Agreement is contractual, and nothing herein is merely a recital. Furthermore, this Agreement is the final, complete, and exclusive statement of our contractual arrangement regarding our representation. This Agreement supersedes any and all prior promises, representations, warranties, Agreements, understandings, undertakings, or otherwise, between or among us, with respect to our representation. With respect to our representation, and all matters addressed in this Agreement, there are no promises, representations, warranties, Agreements, understandings, undertakings, or otherwise, beyond or contrary to the written terms herein.

**Counterparts, facsimiles and electronic signatures**. Electronic signatures, as well as copies or facsimiles of signatures, shall be deemed originals. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original Agreement, and all of which shall constitute one Agreement. Counterparts of the signature pages may be combined to create one single, fully integrated Agreement, and is binding therefore as such. The final, binding form of this Agreement, which shall supersede and novate any prior understandings or agreements, shall be the unsigned Agreement that we email to you, and any changes made thereto are null and void.

**Venue and jurisdiction**. This agreement is governed by the laws of the State of Arizona, without respect to any rules regarding the conflicts of laws. You and all signatories to this Agreement hereby (1) consent to the personal jurisdiction of all federal and state courts in Arizona, (2) acknowledge and agree that any action arising out of, or related to, this Agreement shall be commenced, prosecuted, and defended exclusively in the state or federal courts of the State of Arizona, County of Maricopa. In any dispute arising out of this Agreement (including credit card charge disputes that are not litigated), the prevailing party shall be entitled to attorneys' fees and all costs (including non-taxable costs). In the event of such a dispute, this firm may represent itself and is entitled to be reimbursed at its then-prevailing rate if it is the prevailing party.

**Amendments**. Neither this Agreement, nor any terms set forth herein, may be changed, waived, discharged, or terminated, orally or in writing, except by a writing signed by all Parties, and the observance of any such term may be waived (either generally or, in a particular instance, either retroactively or prospectively), by a writing signed by the Parties against whom such waiver is to be asserted.

**No third-party beneficiaries**: This Agreement is intended to be for the sole and exclusive benefit of the Parties. Thus, except as expressly provided herein, nothing in this Agreement shall give, or is intended to give, any person or entity, other than the parties hereto.

**Successors and assigns**. This Agreement shall inure to our benefit by binding all of your predecessors, successors, beneficiaries, grantees, transferees, assigns, heirs, executors, administrators, directors, officers, shareholders, employees, agents, partners, representatives, attorneys, corporations, subsidiaries, divisions and joint venturers, as well as any affiliated individual or entity.

**Limitation on waivers**. You hereby acknowledge and agree that if we fail to enforce, exercise, or otherwise act on (a) any breaches of this Agreement, and/or (b) any options, rights, remedies, or otherwise that are provided by, related to, or arising out of this Agreement, such failure shall not constitute a waiver, and also shall not limit or prevent us from, at a later date, enforcing, exercising, or otherwise acting on such breaches, options, rights, remedies, or otherwise.

**Conclusion**. We very much look forward to working with you on this engagement. Please indicate your Agreement to all of the foregoing terms and conditions by signing and returning this Agreement. If you have any proposed changes to this Agreement, you must notify us in a separate written correspondence detailing your proposed changes. If you do not provide such written notice, your signature herein acknowledges and affirms your consent to this Agreement in the original form in which it was sent to you.

*You acknowledge and agree that our representation **will not begin**, and we therefore have no duty to advise or represent you regarding, any matter (including legal deadlines) until you have paid the retainer required above **and** we have emailed you a signed copy of this Agreement*.

Sincerely,

*[signature]*
Clifford P. Bendau, II

The foregoing Agreement correctly, fully, completely, and exclusively sets forth and establishes the terms, conditions, and understandings between the undersigned and The Bendau Law Firm, PLLC.

Date: 9/1/17

Printed Name: Ashley Thompson

Signature: [signature]

**Email Address:** [redacted]

Address: [redacted]

Telephone: [redacted]

**IMPORTANT NOTE REGARDING CLIENT COMMUNICATIONS:** We strive to respond to client communications as promptly as possible. Due to our exceptionally busy litigation schedule, however, we are frequently out of the office for several days in a row. As a result, routine communications are typically handled by the firm's staff. If there is ever an urgent or time sensitive matter that requires our immediate attention, please send an email to ourselves and to our assistant noting the critical nature of the situation – and then *call us directly at (480) 382-5176*. We will promptly respond with the urgency that the matter demands.

**We look forward to working with you.**

# Signature Certificate



🔒 **Document Reference:**   JPCCWEJIN2VLP8TWREKR43



**Ashley Thompson**
Party ID: GY5VFXJZJIRCUL7293LJSI
IP Address: 107.77.245.8

**VERIFIED EMAIL:**  a_thompson24@rocketmail.com



**Multi-Factor Digital Fingerprint Checksum**   `f3c09dc77413cc4dcbe4dbacc95c24f566a2caba`





**Cliff Bendau**
Party ID: FDYH8NIL54SVE2API6D4Y6
IP Address: 68.231.170.47

**VERIFIED EMAIL:**  cliffordbendau@bendaulaw.com



**Multi-Factor Digital Fingerprint Checksum**   `aae05cf17a95d5ee1f0b4853b6b7e418fe064b43`



| Timestamp | Audit |
|---|---|
| 2017-09-02 08:36:01 -0700 | All parties have signed document. Signed copies sent to: Ashley Thompson and Cliff Bendau. |
| 2017-09-02 08:36:01 -0700 | Document signed by Cliff Bendau (cliffordbendau@bendaulaw.com) with drawn signature. - 187.158.244.228 |
| 2017-09-01 17:43:57 -0700 | Document signed by Ashley Thompson (a_thompson24@rocketmail.com) with drawn signature. - 107.77.245.8 |
| 2017-08-31 07:47:47 -0700 | Document viewed by Ashley Thompson (a_thompson24@rocketmail.com). - 107.77.245.8 |
| 2017-08-29 19:50:02 -0700 | Document viewed by Cliff Bendau (cliffordbendau@bendaulaw.com). - 68.231.170.47 |
| 2017-08-29 19:50:02 -0700 | Document created by Cliff Bendau (cliffordbendau@bendaulaw.com). - 68.231.170.47 |



This signature page provides a record of the online activity executing this contract.

Page 1 of 1