# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Thompson, | No. CV-17-03819-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Movers and Storage Incorporated, et al., | |
| Defendants. | |

Plaintiff has filed a motion for attorneys' fees pursuant to 29 U.S.C. § 216(b) and the parties' settlement agreement. Doc. 32. The motion is fully briefed, and the parties do not request oral argument. The Court will grant the motion in part.

**I.  Legal Standards.**

A party requesting an award of attorneys' fees must show that it is (a) eligible for an award, (b) entitled to an award, and (c) requesting a reasonable amount. *See* LRCiv 54.2(c). Defendants concede that Plaintiff is eligible for and entitled to fees pursuant to the parties' settlement agreement and as the prevailing party under the Fair Labor Standards Act ("FLSA"). Doc. 33 at 1; *see* 29 U.S.C. § 216(b).

To determine the reasonableness of requested attorneys' fees, federal courts generally use the "lodestar" method. *See Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 755 (9th Cir. 2011). The Court must first determine the initial lodestar figure by taking a reasonable hourly rate

and multiplying it by the number of hours reasonably expended on the litigation. *Blanchard*, 489 U.S. at 94 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court next "determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). "These factors are known as the *Kerr* factors." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Such an adjustment is appropriate "only in rare or exceptional circumstances." *Cunningham v. City of L.A.*, 879 F.2d 481, 488 (9th Cir. 1988).

**II. Discussion.**

Plaintiff was represented by the Bendau Law Firm, PLLC in this matter, and she requests $15,057.50 in attorneys' fees. Doc. 32. This amount represents $12,447.50 for 38.3 hours of work by attorney Clifford P. Bendau at the hourly rate of $325, and $2,610.00 for 8.7 hours of work by attorney Christopher J. Bendau at the hourly rate of $300. *Id.* at 8-9. Counsel began working on the case in September 2017, filed the complaint in October 2017, and accepted a settlement offer in January 2018. *See* Doc. 32 at 3-4. The settlement agreement awards Plaintiff her unpaid wages trebled ($1,503.57), costs incurred ($797.59), and reasonable attorneys' fees to be determined by the Court. Doc. 30-1. The agreement states that "there is no good faith dispute that . . . [Plaintiff] is receiving all wages and damages that could possibly be due and owing to her were [she] to succeed at trial, and that a reasonable amount of attorneys' fees are due and owing[.]" Doc. 30-1 at 3-4.

Defendants argue that the fees Plaintiff requests are unreasonable given the simple nature of Plaintiff's claims, the fact that the case took only four months, and the fact that Plaintiff only recovered $1,503.57. Doc. 33. Defendants assert that a reasonable award in this case is $2,500, representing 10 hours of work at $250 per hour. Doc. 33.

**A. Hourly Rates.**

Reasonable hourly rates are not determined by the rates actually charged in a case,

but "by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995). Clifford Bendau is the managing partner of the Bendau Law Firm, and both Clifford and Christopher Bendau practice almost exclusively in the area of FLSA wage and hour litigation. Doc. 32-6 ¶¶ 1, 12-13; Doc. 32-7 ¶¶ 2, 13. Clifford Bendau has litigated over 100 employment lawsuits, and Christopher Bendau has litigated about 40. *Id.* Each submits a declaration averring that their rates of $325 and $300 are reasonable and comparable to rates of attorneys with similar qualifications, expertise, and experience in the Phoenix area. Doc. 32-6 ¶¶ 10-11; Doc. 32-7 ¶¶ 10-11. These averments are based on their personal knowledge of hourly rates charged by other attorneys. *Id.*

Although Defendants request a reduction to $250, they present no evidence or explanation as to why the rates of $325 and $300 are unreasonable under the applicable standard. Because Plaintiff has met her initial burden of showing the rates are reasonable, and Defendants have offered no contrary evidence, the Court will not reduce counsel's hourly rates. *See Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110-11 (9th Cir. 2014) (explaining that affidavits of plaintiff's attorney and other attorneys can serve as evidence of the prevailing rate, and once a fee applicant presents such evidence, the opponent must rebut it by submitting contrary evidence).

**B.  Compensable Hours.**

Defendants argue that the hours expended on this matter were excessive because the case involved simple issues in Plaintiff's counsel's area of expertise, took less than four months from filing to settlement, and involved a small amount in controversy. Doc. 33 at 3-4. Specifically, Defendants assert that certain hours spent discussing the case were duplicative, and other billing entries were excessive or unnecessary. *Id.*

This case involves issues that should be relatively routine for two experienced FLSA attorneys. *See* Doc. 1 (alleging failure to pay minimum wage and overtime). Counsel was able to calculate an estimate of Plaintiff's overdue wages in 0.3 hours, draft

a demand letter in 0.8 hours, and draft the 16-page complaint in 3.1 hours. *See* Doc. 32-5 at 2. The remaining 42.8 hours were spent communicating with Plaintiff, communicating with opposing counsel regarding settlement negotiations, drafting applications for default, preparing a joint case management report and MIDP response, and drafting the parties' settlement agreement and the fee application. *See* Doc. 32-5 at 2-7. The Court finds that many of these hours were reasonably expended. Defendants could have avoided the need for litigation by responding to Plaintiff's demand letter, and could have avoided the need for additional hours by timely responding to Plaintiff's complaint.

But the Court agrees that certain hours were excessive or duplicative. Clifford Bendau billed 4.1 hours for discussions with Christopher, and Christopher also billed for 3.6 hours of that time. *Id.* The Court will reduce the compensable discussion time to 2 hours (1 per attorney).

Counsel spent 8.4 hours attempting to settle an attorneys' fee amount with Defendants and drafting the fee application. *Id.* The Court will reduce the compensable hours for these tasks to 4 (2 per attorney), because it appears that the negotiations could have been shorter and more effective had Plaintiff's counsel disclosed their unredacted billing records earlier.

The Court also agrees with Defendants that it was unreasonable for Christopher Bendau to spend 1.0 hour to "[r]eceive fee agreement, sign, set up file" and 0.6 hours to "[c]omplete summonses and cover sheet, finalize lawsuit, and file." *See* Doc. 33 at 3; Doc. 32-5 at 2. These are clerical tasks.

After considering Defendants' arguments, the itemized billing entries, and the four subsumed *Kerr* factors, the Court concludes that a lodestar amount of $11,362.50 for 35.3 hours of Plaintiffs' counsel's time is reasonable.[1]

---

[1] This is based on 30.9 hours for Clifford (instead of 38.3) and 4.4 hours for Christopher (instead of 8.7) – a reduction of 11.7 hours ($3,695). The Court will deny Plaintiff's request for an additional $1,787.50 for 5.5 hours spent by Christopher drafting Plaintiff's reply for the same reasons the Court reduced counsel's time spent negotiating the fees and drafting the initial application. *See* Doc. 34 at 7.

**C. Adjustment.**

Plaintiff requests an upward modification of the lodestar amount based on the "excellent results" her counsel obtained and the fact that counsel litigated the case on a purely contingent basis and fronted all expenses on Plaintiff's behalf. Doc. 32 at 12 (citing *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006)). Defendants counter that the relevant factors support a downward modification because Plaintiff ultimately obtained only a third of the damages she originally demanded, and although Plaintiff's counsel took this case on a contingency basis, there was little risk involved because of the minimal costs and effort required to litigate it. Doc. 33 at 3-4.

The Court recognizes that Plaintiff's counsel successfully litigated this case to obtain Plaintiff's full compensatory and statutory damages, but finds that the lodestar amount is more than adequate to compensate them for their efforts and the risk they bore in undertaking this case. Plaintiff has not identified "rare or exceptional circumstances" warranting an adjustment. *Cunningham*, 879 F.2d at 488.

Nor have Defendants. Defendants stress the discrepancy between the amount recovered by Plaintiff (about $1,500) and the amount of fees requested (about $15,000). *Id.* The Supreme Court has noted that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees[.]" *Hensley*, 461 U.S. at 440; *see also McGinnis v. Ky. Fried Chicken of Cal.*, 51 F.3d 805, 810 (9th Cir. 1994). But the Ninth Circuit has also made clear that attorneys' fee awards should not be made strictly proportional to the amount recovered, and that successful litigation, even with modest recoveries, can vindicate rights protected by statute. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012).

Although the lodestar amount is considerably higher than the financial benefit to Plaintiff, the Court cannot conclude that it is excessive. Counsel successfully recovered Plaintiff's full compensatory and statutory damages, and much of counsel's efforts could have been avoided had Defendants responded to the initial demand letter or accepted Plaintiff's offer to settle the fees for a significantly lower amount. The Court has already

adjusted the lodestar amount to reflect only reasonable hours expended. The Court has considered the relevant *Kerr* factors as well as Defendants' arguments. Doc. 33 at 3-5. The cursory arguments are simply insufficient in this case to overcome the strong presumption that the lodestar represents a reasonable amount of fees.

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (Doc. 32) is **granted in part**. Plaintiff is awarded $11,362.50 in attorneys' fees.

Dated this 29th day of May, 2018.

David G. Campbell
United States District Judge